### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VOGUE TYRE & RUBBER COMPANY, | ) | Civil Action No. 14-cv-5839 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FERNANDO BOLO MENDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiff Vogue Tyre & Rubber Company (hereinafter "Vogue"), for its Complaint against Defendant Fernando Bolo Mendez (hereinafter "Mendez"), alleges as follows:

### SUMMARY OF COUNTS, JURISDICTION AND VENUE

1. This is an action for infringement of United States registered trademarks (Count I), for false designation of origin and false representation (Count II), for trade dress infringement (Count III), for unfair competition (Count IV), and for violation of the Uniform Deceptive Trade Practices Act of Illinois (Count V). This Court has jurisdiction under Title 15 of the United States Code, 28 U.S.C. § 1331 and 28 U.S.C. § 1338, and pendent jurisdiction over Count V in that it derives from a common nucleus of operative facts with respect to Counts I, II, III and IV. Venue is predicated on 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c) and upon 815 ILCS §510/2 *et seq.* of the Illinois Compiled Statutes.

2. Many of the tortious acts and conduct complained of were committed in the Northern District of Illinois, Eastern Division, the claims herein arose in this District, and upon information and belief, business was transacted by Defendant in this district sufficient to make Defendants subject to personal jurisdiction in this Court.

## THE PARTIES

3. Plaintiff Vogue is an Illinois corporation having a place of business at 1101 Feehanville Drive, Mount Prospect, Illinois 60056.

4. Vogue is a manufacturer and distributer of vehicle wheels, tires and grilles and provider of automobile detailing services. Vogue is the owner of the trademark VOGUE® for these goods and services and for which it has United States Registered Trademarks, namely U.S. Reg. Nos. 3660048, and 1676694 ("VOGUE® trademarks"). Vogue is also the owner of a Trade Dress for the gold annular stripe design as shown in ("Vogue Trade Dress") U.S. Reg. No. 3000047. Copies of Plaintiff's United States trademark registrations are attached hereto as "Exhibit 1". The Vogue registered trademarks are valid and subsisting.

5. Mendez is an individual, upon information and belief residing at 2413 Blossom Street, Joliet, Illinois 60435.

6. Mendez is a seller of tires and a provider of automobile detailing services. Mendez advertises his tires and automobile detailing services on Facebook in connection with the mark "The Real Bogue House," and true and correct copies of posts from Mendez's Facebook Pages are shown in Exhibit 3.

## FACTS COMMON TO ALL COUNTS

7. Since at least as early as 1966, and long prior to the activities of Mendez complained of herein, Vogue has continuously manufactured, extensively marketed and distributed tires bearing the Vogue Trade Dress. True and correct screen shots of Vogue's Web Site showing use of the Vogue Trade Dress are shown in Exhibit 2.

8. Since at least as early as 1922, and long prior to the activities of Mendez complained of herein, Vogue has continuously manufactured, extensively marketed and

distributed tires in connection with the VOGUE® trademarks. True and correct screen shots of Vogue's Web Site showing use of the VOGUE® trademarks are shown in Exhibit 2.

9. Since at least as early as 1982 and long prior to the activities of Mendez complained of herein, Vogue has continuously provided automobile detailing services in connection with the VOGUE® trademarks.

10. Vogue has expended a great deal of money, time, and effort in advertising and promoting throughout the United States, tires sold under and in conjunction with the VOGUE® trademarks and in association with the Vogue Trade Dress. By virtue of such efforts, the VOGUE® Trademarks and Vogue Trade Dress have become associated in the minds of purchasers of Vogue tires and in the minds of the general public, and valuable goodwill has been built up in the VOGUE® trademarks and the Vogue Trade Dress. The VOGUE® Trademarks and Vogue Trade Dress have become distinctive of the goods and services of Vogue.

11. The VOGUE® trademarks and the Vogue Trade Dress registration have become incontestable by virtue of their long and continuous use. The trademarks are inherently distinctive. Separate from the registrations, the Vogue Trade Dress is inherently distinctive, it has achieved secondary meaning, and is highly recognized by the purchasers of such products, signifiying Vogue as the source of the products and of their quality.

12. Long after Vogue had made the VOGUE® trademarks and Vogue Trade Dress well known, Mendez commenced advertising tires with the Vogue Trade Dress and automobile detailing services to create tires identical to the Vogue Trade Dress, in at least Facebook in connection with the mark "The Real Bogue House."

13. The use of the Vogue Trade Dress by Mendez is likely to cause confusion, or to cause mistake, or to deceive the general public, including prospective purchasers of tires and/or

3

detailing services offered by Vogue, into believing that Mendez's tires or detailing services are products or services of Vogue, or in some manner backed by, sponsored by, franchised by, associated with or otherwise connected with Vogue. Unless enjoined, Mendez's infringement will result in damages to Vogue, including diminishment if not destruction of the Vogue Trade Dress, the loss of the goodwill appurtenant thereto, and sales losses to Vogue.

14. The use of the name "The Real Bogue House" by Mendez is likely to cause confusion, or to cause mistake, or to deceive the general public, including prospective purchasers of tires or detailing services offered by Vogue, into believing that Mendez's tires or and/or detailing services are the products or services of Vogue, or in some manner backed by, sponsored by, franchised by, associated with or otherwise connected with Vogue. Unless enjoined, Mendez's infringement will result in damages to Vogue, including diminishment if not destruction of the VOGUE® trademarks, the loss of the goodwill appurtenant thereto, and sales losses to Vogue.

15. Mendez has purposely copied the Vogue Trade Dress with a view to securing a benefit from Vogue's reputation and goodwill, which is based upon the appearance of its tires. This conduct deceives and is intentionally designed to deceive the relevant public.

16. Mendez's copying of the Vogue Trade Dress constitutes a false designation of origin and a false representation that Mendez is and/or Mendez's offending tires and detailing services are products of Vogue, or somehow connected with, or sponsored by, Vogue. Mendez's products are sold and services are offered in interstate commerce, in that, upon information and belief, Mendez advertises via Facebook to out of state customers and subsequently sends orders outside of the state of Illinois or offers his services outside of the state of Illinois.

17656056v.1

17. Persons in various states of the United States who are familiar with Vogue tires and who travel to Illinois and purchase tires or services from Mendez are likely to be confused into believing that the tires or services are somehow affiliated with Vogue. Mendez's actions constitute false designation of origin and trade dress infringement in violation of 15 U.S.C. Section 1125(a).

18. Mendez has received notice of infringement of the VOGUE® trademarks and Vogue Trade Dress, but Mendez has refused to cease his infringing sales and services.

19. Vogue has been damaged and will continue to be damaged as a result of the unlawful acts of Mendez as aforesaid. Vogue has no adequate remedy at law.

## COUNT I

### UNITED STATES REGISTERED TRADEMARK INFRINGEMENT

20. Vogue repeats and realleges herein the allegations of Paragraphs 1-19 of this complaint.

21. The activities of Mendez complained of herein violate Vogue's federally registered trademark rights, rendering Mendez liable for trademark infringement pursuant to 15 U.S.C. Section 1114(1) and 15 U.S.C. Section 1117.

22. All of the aforesaid acts of Mendez were performed without permission, license or consent of Vogue, in willful derogation of Vogue's rights. Vogue has been damaged by Mendez's acts in a monetary amount to be determined.

## COUNT II

### FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION

23. Vogue repeats and realleges herein the allegations of Paragraphs 1-22 of this complaint.

17656056v.1

24. Vogue has continuously since 1922, used the VOGUE® trademarks on tires. Vogue has spent a great deal of money developing, advertising and promoting its tires.

25. Mendez has, by adopting and allowing the adoption of the name "The Real Bogue House," misappropriated and misused Vogue's famous VOGUE® trademarks. This misappropriation and misuse is likely to create confusion and deception among the purchasers of tires and detailing services and the general public.

26. Mendez's misappropriation and misuse of the VOGUE® trademarks and Vogue Trade Dress on tires and detailing services for tires constitutes a false designation of origin and false representation in violation of 15 U.S.C. Section 1125(a).

27. All of the aforesaid acts of Mendez were performed without permission, license or consent of Vogue, in willful derogation of Vogue's rights. Vogue has been damaged by Mendez's acts in a monetary amount to be determined.

## COUNT III

## TRADE DRESS INFRINGEMENT

28. Vogue repeats and realleges herein the allegations of Paragraphs 1-27 of this complaint.

29. Mendez's use of a trade dress that copies the distinctive Vogue Trade Dress, is a willful infringement of Vogue's rights and will continue to deceive and mislead consumers unless Mendez is stopped from using an identical trade dress or a trade dress having a confusingly similar appearance to the Vogue Trade Dress.

30. By reason of the foregoing, Vogue has been damaged in its goodwill, business reputation, and loss of sales and profits which Vogue would have made but for Mendez's acts complained of, and Vogue will continue to be irreparably damaged by Mendez's unlawful use of

a trade dress that unlawfully simulates the Vogue Trade Dress, unless Mendez is enjoined from its wrongful conduct.

31.  By reason of the foregoing, Mendez has profited and has been unjustly enriched by its unlawful use of a trade dress that is identical to or unlawfully simulates the Vogue Trade Dress, and Vogue is entitled to recover, inter alia, Mendez's profits resulting from the unjust enrichment.

32.  Mendez's unlawful conduct as aforesaid will continue to damage Vogue unless Mendez is enjoined from such activity by this Court. Vogue has no adequate remedy at law.

33.  All of the aforesaid acts of Mendez were performed without permission, license or consent of Vogue, in willful derogation of Vogue's rights. Vogue has been damaged by Mendez's acts in a monetary amount to be determined.

## COUNT IV

## UNFAIR COMPETITION

34.  Vogue repeats and realleges herein the allegations of Paragraphs 1-32 of this Complaint.

35.  The aforesaid acts of Mendez were willful and were performed with the deliberate intent of misleading purchasers and prospective purchasers and the general public into believing that Mendez's tires and detailing services are either manufactured or sponsored by Vogue, in violation of Federal as well as Illinois law.

36.  By reason of the foregoing, Vogue has been irreparably damaged in its goodwill, business reputation, and loss of sales and profits which Vogue would have made but for Mendez's acts complained of.

7

## COUNT V

## VIOLATION OF THE UNIFORM
## DECEPTIVE TRADE PRACTICES ACT OF ILLINOIS

37. Vogue repeats and realleges herein the allegations of Paragraphs 1-36 of this complaint.

38. Mendez's misuse of the VOGUE® trademarks and Vogue Trade Dress to sell his goods and services violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2 *et seq.*

39. Vogue is being irreparably and permanently damaged in its goodwill, business reputation, and loss of sales and profits which Vogue would have made but for Mendez's acts complained of, and Vogue will continue to be irreparably damaged by Mendez's false, misleading and deceptive statements unless Mendez is enjoined from its wrongful conduct.

40. By reason of the foregoing, Vogue is being irreparably injured by the continued acts of Mendez and has no adequate remedy at law.

**WHEREFORE,** Vogue demands:

A. A temporary, preliminary and permanent injunction restraining, enjoining and prohibiting Mendez, his employees, officers, servants, agents, attorneys, representatives and each of them, and those persons in active concert or participation with them, from infringing the VOGUE® trademarks and Vogue Trade Dress;

B. Mendez's profits resulting from Mendez's activities as aforesaid;

C. That Mendez be required to pay damages resulting from Mendez's activities as aforesaid, including all profits as a result of the acts of infringement and unfair competition;

D. That Mendez be required to pay to Vogue three times the amount of damages sustained by reason of Mendez's willful actions;

8

E.  That Mendez be required to pay to Vogue punitive damages as a result of his willful illegal activities;

F.  That Mendez be required to surrender all remaining stock of tires which infringe the VOGUE® trademarks or Vogue Trade Dress, and all means used for production, printing and manufacturing thereof, to Vogue for destruction;

G.  Reasonable attorneys' fees and assessment of costs; and

H.  That Vogue be granted such other and further relief the Court may deem as is just.

**DATED: July 30, 2014**

By: /s/Michael H. Baniak

Julia Sutherland
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5577
Facsimile: (312) 460-7000

Michael H. Baniak
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603-5577
Direct Dial: 312-460-5837
Facsimile: 312-460-7837
E-mail: mbaniak@seyfarth.com

ATTORNEYS FOR PLAINTIFF

17656056v.1